952 F.2d 1401
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 BIG HORN COAL COMPANY, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent,
Michael R. Gorzalka, Real Party-in-Interest.
 No. 90-9580.
 United States Court of Appeals, Tenth Circuit.
 Jan. 21, 1992.
 
 Before McKAY, Chief Judge, and McWILLIAMS and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Chief Judge.
 
 
 1
 Big Horn Coal Company ("Big Horn") appeals the Decision and Order of the Benefits Review Board ("the Board") affirming the decision of an Administrative Law Judge ("ALJ") to award benefits to Michael R. Gorzalka. After considering testimony from medical experts, the ALJ found Mr. Gorzalka totally disabled by employment-related pneumoconiosis pursuant to 20 C.F.R. §§ 718.202(a)(4), 718.203(b), and 718.204. Big Horn argues that the ALJ improperly relied on the medical opinion of Mr. Gorzalka's treating physician in deciding to award benefits.
 
 
 2
 Mr. Gorzalka worked in a coal mine for sixteen years, retiring in 1986 after an injury. After his retirement, he brought a timely claim under the Black Lung Benefits Act, 30 U.S.C. §§ 901 et seq. (1982). In the course of pursuing the claim, at least three doctors examined Mr. Gorzalka, one of whom was his treating physician, Dr. John A. Willoughby. Two of the doctors, including Dr. Willoughby, testified and were cross-examined before the ALJ. The medical opinions in the case differed both as to whether Mr. Gorzalka's pneumoconiosis arose out of his employment in a coal mine and whether it was totally disabling.
 
 
 3
 We must affirm the Board's decision if it was supported by substantial evidence. Garcia v. Director, Office of Workers' Compensation Programs, United States Dep't of Labor, 869 F.2d 1413, 1415 (10th Cir.1989). We cannot reweigh the evidence on appeal. Kaiser Steel Corp. v. Director, Office of Workers' Compensation Programs, United States Dep't of Labor, 748 F.2d 1426, 1430 (10th Cir.1984) (citing Peabody Coal Co. v. Benefits Review Bd., 560 F.2d 797, 802 (7th Cir.1977). The Board may properly uphold inferences drawn by the ALJ in weighing conflicting medical evidence if they are based on adequate evidence. Id.
 
 
 4
 The ALJ considered evidence in this case from three medical doctors and a psycho-vocational expert. Where the experts' opinions differed, he evaluated and weighed them. For reasons given in his Decision and Order, he ultimately relied on Dr. Willoughby as "a physician exercising reasoned medical judgment, based on medically acceptable clinical and laboratory diagnostic techniques" under 20 C.F.R. § 718.204(c)(4). Dr. Willoughby testified not just as the treating physician, but also as an expert who had reviewed all of the medical studies relevant to Mr. Gorzalka's case. After thorough review of the record, and considering it as a whole, we find substantial evidence to support the ALJ's reliance on the treating physician's opinion in this case. We also find that the ALJ's inferences drawn from conflicting medical opinions were based on adequate evidence in the record. We thus find that the Board did not err in affirming the ALJ's decision to award benefits.
 
 
 5
 The Decision and Order of the Board is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3